UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TATIANA VALEZCA JIMENEZ CARRION,

                    Petitioner,

          v.

LAURA HERMOSILLO et al.,

                    Respondents.[1]

CASE NO. 2:26-cv-00694-JNW

ORDER GRANTING HABEAS PETITION

Petitioner Tatiana Valezca Jiménez Carrión filed this Petition for a Writ of Habeas Corpus, Dkt. No. 1.  The Court GRANTS the petition for the reasons stated below.

## 1.  BACKGROUND

Tatiana Valezca Jiménez Carrión is a citizen of Nicaragua in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC"). Dkt. No. 7. She entered the United States on May 26, 2022,

---

[1] Julio Hernandez is the Acting Field Office Director for ICE/ERO's Seattle Field Office and is substituted as Respondent for Laura Hermosillo under Federal Rule of Civil Procedure 25(d).

ORDER GRANTING HABEAS PETITION - 1

without being admitted or paroled after inspection by an immigration officer. *Id.* ¶ 4. On May 30, 2022, she was personally served with a Notice to Appear ("NTA") charging her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. *Id.* ¶ 5. She was released on an Order of Recognizance ("OREC"). *Id.*; Dkt. No. 8-1.

On January 10, 2023, she applied for asylum and withholding of removal. Dkt. No. 7 ¶ 8. On May 3, 2023, an Immigration Judge issued her a final removal order to Nicaragua. *Id.* ¶ 9. On October 19, 2025, she was arrested for driving under the influence. *Id.* ¶ 10. No criminal charges were filed. Dkt. No. 9 at 7. On December 15, 2025, she appeared in Seattle Immigration Court where a judge denied her asylum application, her withholding of removal, and ordered that she be removed to Nicaragua. *Id.* ¶ 11. Jiménez Carrión appealed the order. The status of that appeal is pending.

On December 18, 2025, Jiménez Carrión reported to ICE for her check-in appointment as part of her OREC reporting requirements. She was taken into custody and has been detained at the NWIPC ever since. *Id.* ¶ 12. She received no written notice and no hearing before a neutral decisionmaker prior to her re-detention.

## 2. DISCUSSION

### 2.1 Legal standards.

#### 2.1.1 Habeas relief.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United

ORDER GRANTING HABEAS PETITION - 2

States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

### 2.1.2    Other equitable relief.

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to

ORDER GRANTING HABEAS PETITION - 3

them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Plaintiffs seeking equitable relief in the form of permanent injunctions must show: "(1) that [they] ha[ve] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006); *see Francisco Lorenzo,* 2026 WL 237501, at *6 (applying permanent injunction standard to injunctive relief requested in immigration habeas proceedings).

## 2.2    Jiménez Carrión is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Respondents argue relief should be denied because Jiménez Carrión is mandatorily detained under 8 U.S.C. § 1225. Persons detained under § 1225 may only be released under the agency's parole authority, 8 U.S.C. § 1182(d)(5)(A). Jiménez Carrión was released on an Order of Recognizance. Dkt. No. 7 ¶ 5 (Declaration of Deportation Officer Sheldon Benjamin). Release under an OREC is

ORDER GRANTING HABEAS PETITION - 4

authorized only under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). That Jiménez Carrión was detained and released under § 1226 is reaffirmed by Respondents' statement that Jiménez Carrión's NTA indicates that she is charged under the Immigration and Nationality Act § 212(a)(6)(A)(i) (codified at 8 U.S.C. § 1182(a)(6)(A)(i)), which reads: "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." Dkt. No. 7 ¶ 5. The Court finds that Jiménez Carrión is not subject to mandatory detention under Section 1225(b) and is instead detained under Section 1226(a). Respondents appear to concede as much as they ask the Court to find in the alternative that Jiménez Carrión is entitled at most to a post-detention bond hearing. Dkt. No. 6 at 8. She is entitled to more than that.

## 2.3   Jiménez Carrión's OREC revocation violated due process.

Respondents concede that Jiménez Carrión was detained on December 18, 2025, without notice or a pre-deprivation hearing. They argue that further process is not warranted because Jiménez Carrión's re-detention is a "special case" since it was "triggered by the discovery of a DUI arrest in violation of the OREC conditions Petitioner acknowledged in May 2022." Dkt. No. 6 at 7–8. But a DUI arrest—one that never resulted in criminal charges—does not exempt the Government from its constitutional obligations.

Under *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976), courts weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest to determine what process is constitutionally required. All three *Mathews* factors favor Jiménez Carrión. First, her private interest is perhaps at its height, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty protected by the Due Process Clause." *Zadvydas*, 533 U.S. at 690. Jiménez Carrión lived in the community for over three years, applied for asylum, obtained work authorization, and developed community ties—all in reliance on her release. Dkt. No. 2 ¶¶ 13–16. Second, the risk of erroneous deprivation is high. The DUI arrest that purportedly triggered her re-detention never resulted in criminal charges, making whether any OREC violation occurred a contested question that no neutral arbiter has resolved. Third, the Government's interest in re-detaining Jiménez Carrión without a hearing is low. Nothing prevented ICE from scheduling a hearing before or promptly after her December check-in; indeed, the two-month gap between the October arrest and the December re-detention undermines any claim of urgency. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025).

Applying the *Mathews* test, this Court finds that due process requires pre-deprivation notice and a hearing before revoking a noncitizen's order of supervision and re-detaining them. *Aslan v. Wamsley et al.*, Case No. 2:25-cv-02698-JNW, 2026 WL 238675, at *3 (W.D. Wash. Jan. 29, 2026) (citing *E.A. T.-B.*, 795 F. Supp. 3d 1324).

ORDER GRANTING HABEAS PETITION - 6

Courts in this district and elsewhere have consistently reached the same conclusion. *See, e.g.*, *Tessema v. Bondi,* No. C25-2330-JNW-MLP, 2025 WL 4033288, at *1 (W.D. Wash. Dec. 11, 2025), report and recommendation adopted, No. C25-2330-JNW-MLP, 2026 WL 84922 (W.D. Wash. Jan. 12, 2026); *Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *5 (E.D. Cal. Jan. 5, 2026) ("Although Respondents allege in their opposition that Petitioner repeatedly violated the terms of her release [citation omitted], no neutral arbiter has determined whether those facts show that Petitioner is a flight risk or danger to the community."); *Tesara v. Wamsley*, Case No. C25-1723-KKE-TLF, 2025 WL 3288295, at *1, *6 (W.D. Wash. Nov. 25, 2025) (even when it alleges supervised release violations, the Government must provide notice and a pre-detention hearing to comply with due process); *Ledesma Gonzalez v. Bostock*, No. 25-cv-01404-GJL, 2025 WL 2841574, at *8–9 (W.D. Wash. Oct. 7, 2025). And a "post-deprivation hearing[ ] cannot serve as an adequate procedural safeguard because [it occurs] after the fact and [thus] cannot prevent an erroneous deprivation of liberty." *E.A. T.-B.*, 795 F. Supp. 3d at 1324. *Nguyen v. Bondi*, No. 2:25-CV-02723-RAJ, 2026 WL 183819, at *4 (W.D. Wash. Jan. 23, 2026) (revocation of an OSUP requires notice and a pre-deprivation hearing). *Tzafir v. Bondi*, No. 25-CV-02067-JHC-SKV, 2026 WL 74088, at *3-5 (W.D. Wash. Jan. 9, 2026) ("The Government's redetention of Petitioner with insufficient notice and no opportunity to be heard violates the due process protections afforded to her by the Constitution.").

This case presents nothing that would warrant a different result. Respondents concede that no notice or pre-deprivation hearing was provided. They

ORDER GRANTING HABEAS PETITION - 7

argue that the Court should simply infer that Jiménez Carrión's detention is justified because ICE determined that she violated her OREC. However, even when it alleges supervised release violations, Respondents still must provide notice and a pre-detention hearing to comply with due process. Jiménez Carrión's re-detention violates procedural due process. This is a basis for her immediate release.

Respondents ask in the alternative that the Court order only a bond hearing. Dkt. No. 6 at 8. That remedy is insufficient. Jiménez Carrión has been detained for more than 90 days without any process. A post-deprivation hearing cannot undo the constitutional violation that has already occurred and is continuing to occur. *See Kumar v. Bondi*, No. 2:25-cv-02285, 2025 WL 2677089, at *3 (W.D. Wash. Sept. 16, 2025) ("[R]elease following post-deprivation procedures is insufficient to remedy the alleged harm because the alleged harm, i.e., potentially erroneous detention, has happened and is continuing to occur."). Moreover, Jiménez Carrión voluntarily appeared at her scheduled ICE check-in, which undermines any inference that she is a flight risk requiring continued detention pending a hearing.

## 2.4    Respondents must follow the law if they re-detain Jiménez Carrión again.

Jiménez Carrión asks the Court to prohibit her future re-detention absent changed circumstances, notice, and a hearing before a neutral decisionmaker. The Court finds this relief is necessary to fully realize the intent of this order.

Jiménez Carrión has satisfied the requirements for a permanent injunction. *See eBay*, 547 U.S. at 391. She suffered irreparable injury through the violation of her constitutional right to due process and more than 90 days of unlawful detention.

ORDER GRANTING HABEAS PETITION - 8

No monetary remedy can compensate for the deprivation of physical liberty. The balance of hardships favors Jiménez Carrión, as the injunction requires only that Respondents comply with the Constitution before re-detaining her. And the public interest is served by an order prohibiting Respondents from violating the Due Process Clause.

Jiménez Carrión has also established a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). ICE has already detained her once without process. ICE's routine system check flagged her based on her arrest record, Dkt. No. 7 ¶ 12, raising concern that, absent injunctive relief, Jiménez Carrión may be subject to the same due process violation again. Several courts in this district have granted similar relief under comparable circumstances. *See, e.g.*, *Nguyen*, 2026 WL 183819, at * 6; *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025) (prohibiting re-detention without notice and hearing); *Tzafir*, 2026 WL 74088, at *5 (same); *Yuksek v. Bondi*, No. 25-cv-2555, 2026 WL 60364, at *5 (W.D. Wash. Jan. 8, 2026) (same); *Do v. Scott*, No. 24-cv-2187, 2025 WL 3496909, at *6 (W.D. Wash. Dec. 5, 2025) (prohibiting re-detention without valid travel document and other specified conditions).

Accordingly, the Court prohibits the re-detention of Jiménez Carrión unless Respondents first provide written notice of the basis for the proposed re-detention and an immigration court hearing is held to determine whether detention is appropriate.

ORDER GRANTING HABEAS PETITION - 9

### 3. CONCLUSION

Accordingly, the Court ORDERS:

1. The Petition for a Writ of Habeas Corpus is GRANTED, Dkt. No. 1.

2. Respondents must RELEASE Petitioner from custody within TWENTY-FOUR (24) hours of this order, subject to the conditions of her prior OREC.

3. Petitioner may not be re-detained unless Respondents provide Petitioner with written notice of the basis for the proposed re-detention in advance and an immigration court hearing is held to determine whether detention is appropriate.

4. Within FORTY-EIGHT (48) hours of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of her release.

5. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

Dated this 27th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING HABEAS PETITION - 10